FILED
JULY 2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ABM GROUP, INC.<br>an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DYNAMIC MARKETING INC.<br>an Illinois corporation,<br>BRIAN TRADING CO. INC.<br>a Florida corporation, and<br>MOMENTUM FURNISHINGS, LLC<br>an Indiana LLC,<br><br>　　　　　Defendants | CIVIL ACTION NO.:<br><br>RECEIVED: JULY 1, 2008<br>08CV3761<br>JUDGE: JUDGE LEINENWEBER<br>MAGISTRATE: MAGISTRATE JUDGE VALDEZ<br><br>TC<br><br><br>JURY DEMAND |

## COMPLAINT

Plaintiff, ABM Group, Inc. by and through its attorneys of Segel & Segel, complains against Defendants, Dynamic Marketing Inc., Brian Trading Co. Inc., and Momentum Furnishings LLC as follows:

## JURISDICTION AND VENUE

1.  This civil action is for false designation of origin, 15 U.S.C. § 1125 et. seq. (Count I); unfair competition under the common law and statutory law of the State of Illinois, 815 ILCS §510, et. seq. (Count II); breach of fiduciary duty of loyalty under the common law of the State of Illinois (Count III); trade secret misappropriation through disclosure under the common law and statutory law of the State of Illinois, 765 ILCS § 1065/2(b)(2) (Count IV); and trade secret misappropriation through acquisition and use under the common law and statutory law of the State of Illinois, 765 ILCS § 1065/2(b)(1), (2) (Count V).

2. This Court has jurisdiction over the subject matter and personal jurisdiction over the parties under 28 U.S.C. §1331, 28 U.S.C. §1338(a), and 15 U.S.C. §1121 for Count I. This Court has pendent jurisdiction over the subject matter and personal jurisdiction over the parties under 28 U.S.C. §1338(b) and 28 U.S.C. §1367 for Counts II, III, IV, and V.

3. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §1391(b).

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. Plaintiff, ABM Group, Inc. ("ABM") is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, having its principal place of business located at 1141 W. Madison Avenue, Chicago, Illinois 60607.

5. Defendant, Dynamic Marketing, Inc. ("DMI") is, upon information and belief, a corporation organized under the laws of the State of Illinois with its principal place of business located at 8707 N. Skokie Boulevard, Suite 400, Skokie, Illinois 60077.

6. Defendant, Brian Trading Company Inc. ("BTC") is, upon information and belief, a corporation organized under the laws of the State of Florida with its principal place of business located at 16930 NW 4th Avenue, Miami, Florida 33169.

7. Defendant, Momentum Furnishings, L.L.C. ("MF") is, upon information and belief, a limited liability company organized under the laws of the State of Indiana with its principal place of business located at 14941 Newport Drive, Westfield, Indiana 46074.

8. ABM Group, Inc. has since 2006 been engaged in the business of distributing, advertising, and selling a wide variety of household products, including furniture products throughout the United States.

9. ABM's predecessor company, Cork Design, has since 2002 been engaged in the same

business of distributing, advertising, and selling a wide variety of household products, including furniture products throughout the United States.

10. Upon information and belief Defendant BTC conducted, , transacted business with Defendant DMI on behalf of defendant MF, thereby purposefully availing BTC of the privileges of conducting business within the state of Illinois.

11. Upon information and belief Defendant BTC entered into a contract in Illinois or to be performed in Illinois with Defendant DMI, creating minimum contacts with the state of Illinois and delivering fair warning to BTC that it may be hailed into court in Illinois.

12. Defendant BTC is, upon information and belief, a corporation doing business within the state of Illinois.

13. Upon information and belief Defendant MF retained, Defendant DMI to develop business contacts for MF, thereby purposefully availing MF of the privileges of conducting business within the state of Illinois by reaching out beyond the borders of its state of incorporation into Illinois.

14. Upon information and belief Defendant MF entered into a contract either in Illinois or to be performed in Illinois with Defendant DMI, creating minimum contacts with the state of Illinois and delivering fair warning to MF that it may be hailed into court in Illinois.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN OF TRADE**
**DRESS BY DMI, BTC, AND MF UNDER 15 U.S.C. § 1125**

15. Since at least as early as 2006, Plaintiff has continuously used in commerce a distinctive label and trade dress for packaging its furniture products ("Trade Dress").

16. Plaintiff has sold substantial numbers of furniture products under its Trade Dress throughout the United States. Plaintiff has also expended over $400,000 in advertising and promoting its furniture products under its Trade Dress throughout the United States.

17. Plaintiff's Trade Dress is non-functional and inherently distinctive or, as a result of Plaintiff's extensive sales and advertising, has acquired a distinctiveness and secondary meaning signifying Plaintiff and its furniture products. Plaintiff has built up and now owns valuable good will for Plaintiff's furniture products which is symbolized by its Trade Dress.

18. As a result of Plaintiff's extensive sales and advertising, Plaintiff's Trade Dress has become exceptionally well known to consumers and has acquired a strong commercial presence of great value belonging to Plaintiff.

19. Long after Plaintiff's adoption and use of its Trade Dress and long after Plaintiff's acquisition of distinctiveness, secondary meaning, and commercial presence of its Trade Dress, Defendants, MF and BTC, copied Plaintiff's Trade Dress to market their furniture products under a label and trade dress which simulates Plaintiff's Trade Dress and capitalize upon the reputation, commercial presence, and good will represented and symbolized by Plaintiff's Trade Dress.

20. Upon information and belief, Defendants' acts were with full knowledge of Plaintiff's use of its Trade Dress and for the purpose of trading upon the goodwill represented by Plaintiff's Trade Dress and of giving Defendants' furniture products a salability which they otherwise would

not have.

21.     Defendants' use of their label and trade dress is likely to and does cause confusion, mistake and deception as to the source of origin, sponsorship or approval of Defendants' furniture products in that purchasers or others are likely to believe that Defendants' products are Plaintiff's products or the products of a company legitimately connected or affiliated with or in some way associated to or related to Plaintiff.

22.     Defendants' label and trade dress enable and invite merchants and others to pass-off Defendants' products as and for products produced, approved, warranted, sanctioned or sponsored by Plaintiff.

23.     By displaying its label and trade dress, the Defendants have misrepresented and falsely designated the origin of their goods.

24.     Defendants' acts constitute infringement of Plaintiff's trade dress rights in violation of the Trademark Act of 1946 and the U.S. Trademark laws pursuant to 15 U.S.C. §1125 ("The Lanham Act", §43).

25.     Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trade identity rights and property rights for which it cannot be fully compensated in damages unless the Court enjoins Defendants from unauthorized usage of their label and trade dress pursuant to 15 U.S.C. §§1116 ("The Lanham Act", §34).

26.     Plaintiff is entitled to a full range of relief under the provisions of the Trademark Act of 1946 and the U.S. Trademark laws relating to trademarks and unfair competition pursuant to 15 U.S.C. §§1116, 1117, and 1118 ("The Lanham Act", §§34-36).

WHEREFORE, Plaintiff, ABM GROUP, INC., prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, DYNAMIC MARKETING, INC., BRIAN TRADING COMPANY INC., and MOMENTUM FURNISHINGS L.L.C., and issue an order for:

I.    Judgment for preliminary and permanent injunctions under 15 U.S.C. § 1116 enjoining Defendants, DMI, BTC, and MF, their subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendants, either directly or indirectly, from violating Plaintiff's rights by way of:

a.    Using the Trade Dress, or approximations or simulations thereof, for or in connection with selling, marketing, advertising, promoting, importing and/or distributing furniture products.

b.    Using any name, mark, designation, logo, word, trade dress or other material for or in connection with selling, marketing, advertising, promoting, importing and/or distributing furniture products which is likely to cause confusion, mistake or deception as to the source of Plaintiff's names, marks, designations of origin, logos or its Trade Dress for furniture products.

c.    Passing off goods as Plaintiff's.

d.    Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

II.    Directing a complete accounting of all gross revenues, donations, contributions and profits of Defendants arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of infringing products from use of its label and trade dress.

III.    Granting other compensatory damages suffered by Plaintiff in an amount to be

ascertained at trial.

IV. Granting exemplary and punitive damages for Defendant's intentional use of Plaintiff's trade dress.

V. Granting Plaintiff its reasonable attorney's fees and costs.

VI. Granting all other injunctive and monetary relief as this Court deems just and proper.

**COUNT II**
**UNFAIR COMPETITION BY DMI, BTC, AND MF UNDER**
**THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

27. Plaintiff specifically realleges and reincorporates by reference ¶¶1 through 26 of this Complaint.

28. Plaintiff and Defendants compete in the marketing, selling, and promotion of furniture products; the parties employ the same channels of trade; and, the parties sell to the same general classes of potential and actual customers.

29. Defendants have engaged in deceptive trade practices by using a label and trade dress for the containers for their furniture products which is likely to and does cause confusion of or misunderstanding as to the source, sponsorship, approval, or certification of the goods with those of the Plaintiff.

30. Defendants have used a label and trade dress for the containers for their furniture products in an effort to pass off their goods as those of Plaintiff.

31. Defendants' label and trade dress for the containers for their furniture products is likely to and does cause confusion or misunderstanding as to their products' affiliation, connection, or association with or certification by Plaintiff.

32. Defendants have used a label and trade dress for the containers for their furniture

products to falsely represent that their products have sponsorship, approval, characteristics, uses, or benefits that they do not have or that Defendants have a sponsorship, approval, status, affiliation, or connection to Plaintiff that they do not have.

33. Defendants have engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding as to Plaintiff.

34. By the above actions, Defendants have deliberately diverted business to themselves, and unjustly enriched themselves at Plaintiff's expense.

35. Defendants' above described conduct constitutes deceptive trade practices under the statutory laws of the State of Illinois pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510, et. seq.

36. Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trade identity rights and property rights for which it cannot be fully compensated in damages unless the Court enjoins Defendants from further unauthorized usage of their label and trade dress and designation of origin pursuant to 815 ILCS §510/3.

37. Upon information and belief, the Defendants have been and continue to willfully engage in the deceptive trade practice as the Defendants are fully aware Plaintiff's trade identity rights in and to its Trade Dress and continue their acts of infringement entitling Plaintiff to costs and attorneys' fees pursuant to 815 ILCS §510/3.

WHEREFORE, Plaintiff, ABM GROUP, INC., prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, DYNAMIC MARKETING, INC., BRIAN TRADING COMPANY INC., and MOMENTUM FURNISHINGS L.L.C., and issue an order for:

I. Judgment for preliminary and permanent injunctions enjoining Defendants, DMI,

BTC, and MF, their subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendants, either directly or indirectly, from violating Plaintiff's rights by way of:

    a.    Using the Trade Dress, or approximations or simulations thereof, for or in connection with selling, marketing, advertising, promoting, importing and/or distributing furniture products.

    b.    Using any name, mark, designation, logo, word, trade dress or other material for or in connection with selling, marketing, advertising, promoting, importing and/or distributing furniture products which is likely to cause confusion, mistake or deception as to the source of Plaintiff's names, marks, designations of origin, logos or its Trade Dress for furniture products.

    c.    Passing off goods as Plaintiff's.

    d.    Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff.

    e.    Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

    II.    Directing a complete accounting of all gross revenues, donations, contributions and profits of Defendants arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of infringing products from use of its label and trade dress.

    III.    Granting other compensatory damages suffered by Plaintiff in an amount to be ascertained at trial.

    IV.    Granting exemplary and punitive damages for Defendant's intentional use of

Plaintiff's trade dress.

V.  Granting Plaintiff its reasonable attorney's fees and costs for Defendants' willfully engaging in deceptive trade practices.

VI.  Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY OF LOYALTY
## UNDER THE COMMON LAW OF THE STATE OF ILLINOIS AGAINST DMI

38.  Plaintiff specifically realleges and reincorporates by reference ¶¶1 through 14 of this Complaint.

39.  Defendant DMI has performed marketing services for the furniture products of Plaintiff or its predecessor company since about 2002 and had an ongoing relationship in that role for Plaintiff.

40.  Plaintiff carefully researched products and created pricing parameters under which Defendant DMI would find customers for Plaintiff's furniture products.

41.  Plaintiff created pricing, sales materials, artwork, and other such materials for DMI's use in the marketing of Plaintiff's furniture products.

42.  When pursuing customers, DMI was in constant contact with Plaintiff for direction in its endeavors including but not limited to customers to offer Plaintiff's furniture, the price at which the Plaintiff will sell its furniture products, and the sales and product literature to be presented to the customer. .

43.  Plaintiff controlled the manner and direction of DMI's work in its marketing of Plaintiff's furniture products.

44.  DMI received a commission for selling Plaintiff's furniture products.

45. Plaintiff and Defendant DMI's above described relationship constitutes an agent-principal relationship under the common law of the State of Illinois, imputing upon DMI a fiduciary duty of loyalty to Plaintiff.

46. Defendant DMI was aware that the pricing information it received from Plaintiff was confidential and not to be used except in conjunction with DMI's agency relationship with Plaintiff.

47. Defendant DMI shared Plaintiff's researched pricing information with Defendants BTC and MF in violation of its fiduciary duty owed to Plaintiff.

48. After sharing Plaintiff's researched pricing information with BTC and MF, Defendant DMI assisted BTC and MF to enter into a business transaction for the sale of furniture products identical to and in competition with Plaintiff's furniture products, thereby depriving Plaintiff of business opportunities within its own furniture products market.

49. Defendant DMI's above described conduct constitutes a breach of the fiduciary duty of loyalty under the common law of the State of Illinois.

50. Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury for which it cannot be fully compensated in damages unless the Court enjoins Defendant DMI from further unauthorized sharing of Plaintiff's researched pricing information and further enjoins Defendants BTC and MF from business dealings resulting from such unauthorized sharing.

51. Upon information and belief, the Defendant has been and continues to willfully breach its fiduciary duty of loyalty owed to Plaintiff as a result of their agent-principal relationship, entitling Plaintiff to costs and attorneys' fees.

WHEREFORE, Plaintiff, ABM GROUP, INC., prays that this Honorable Court enter

judgment in favor of Plaintiff and against Defendant, DYNAMIC MARKETING, INC., and issue an order for:

I.      Judgment for preliminary and permanent injunctions enjoining Defendant, DMI, and its subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of breaching any and all fiduciary duties Defendant owes to Plaintiff.

II.     Directing a complete accounting of all gross revenues, donations, contributions and profits of Defendant DMI arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of products from breach of Defendant's fiduciary duties owed to Plaintiff.

III.    Granting other compensatory damages suffered by Plaintiff in an amount to be ascertained at trial.

IV.    Granting Plaintiff its reasonable attorney's fees and costs.

V.     Granting all other injunctive and monetary relief as this Court deems just and proper.

### COUNT IV
### TRADE SECRET MISAPPROPRIATION BY DISCLOSURE UNDER THE ILLINOIS TRADE SECRETS ACT BY DMI

52.     Plaintiff specifically realleges and reincorporates by reference ¶¶1 through 14 and 38 through 51 of this Complaint.

53.     Plaintiff's researched pricing information is sufficiently secret to derive economic value from not being known to other persons who can obtain economic value from its disclosure or use.

54.     Plaintiff explicitly told Defendant DMI that Plaintiff's researched pricing information was confidential.

55.　Plaintiff explicitly told Defendant DMI to not share Plaintiff's researched pricing information with any other party and particularly not with Defendant BTC.

56.　Plaintiff did not share its researched pricing information with anyone outside of Plaintiff's organization, except for Defendant DMI and such other customers on such limited bases as were necessary to conduct Plaintiff's business.

57.　The above described facts sufficiently substantiate the economic value and confidentiality of Plaintiff's researched pricing information to consider the information a trade secret.

58.　The above described facts further create circumstances that gave rise to a duty on the part of Defendant DMI to limit the use of Plaintiff's researched pricing information to customers on which DMI called in an effort to sell Plaintiff's products.

59.　As a result of the above described facts, Defendant DMI knew or should have known of the nature of Plaintiff's trade secret.

60.　Defendant DMI shared Plaintiff's researched pricing information with Defendants BTC and MF without Plaintiff's consent and despite Plaintiff's explicit instructions to the contrary, thereby depriving Plaintiff of business opportunities within their own market.

61.　Defendant DMI used Plaintiff's pricing information in its business dealings with BTC and MF to the detriment of Plaintiff.

62.　The above described facts constitute trade secret misappropriation on the part of Defendant DMI under 765 ILCS § 1065/2(B).

63.　Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its property rights for which it cannot be fully compensated in

damages unless the Court enjoins Defendant from further unauthorized usage of the Plaintiff's above identified trade secret pricing information.

64. Plaintiff is entitled to relief under the provision of the Illinois Trade Secrets Act and related laws of trade secrets and unfair competition pursuant to 765 ILCS § 1065/3.

WHEREFORE, Plaintiff, ABM GROUP, INC., prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, DYNAMIC MARKETING, INC., and issue an order for:

I. Judgment for preliminary and permanent injunctions enjoining Defendant, DMI, its subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of misappropriating Plaintiff's trade secrets.

II. Directing a complete accounting of all gross revenues, donations, contributions and profits of Defendant DMI arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of infringing products from use of Plaintiff's trade secret pricing information and from the misappropriation of the Plaintiff's trade secrets.

III. Granting other compensatory damages suffered by Plaintiff in an amount to be ascertained at trial.

IV. Granting exemplary and punitive damages for Defendant's intentional use of Plaintiff's trade secrets.

V. Granting Plaintiff its reasonable attorney's fees and costs.

VI. Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT V
## TRADE SECRET MISAPPROPRIATION BY ACQUISITION AND USE UNDER THE ILLINOIS TRADE SECRETS ACT BY BTC AND MF

65.     Plaintiff specifically realleges and reincorporates by reference ¶¶1 through 8 and 32 through 64 of this Complaint.

66.     Defendants BTC and MF knew or had reason to know that they were acquiring Plaintiff's trade secret by improper means, or used Plaintiff's trade secret without the consent of Plaintiff after deriving it from Defendant DMI, who owed a duty to Plaintiff to maintain the trade secret's secrecy or limit its use.

67.     Defendants BTC and MF utilized Plaintiff's trade secret pricing information in their businesses of selling furniture products to the detriment of Plaintiff.

68.     The above described conduct of Defendants BTC and MF constitutes trade secret misappropriation under 765 ILCS § 1065/1.

69.     Plaintiff has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its property rights for which it cannot be fully compensated in damages unless the Court enjoins Defendants from further unauthorized usage of the Plaintiff's above identified trade secret pricing information.

70.     Plaintiff is entitled to relief under the provision of the Illinois Trade Secrets Act and related laws of trade secrets and unfair competition pursuant to 765 ILCS § 1065/3.

WHEREFORE, Plaintiff, ABM GROUP, INC., prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, BRIAN TRADING COMPANY INC. and MOMENTUM FURNISHINGS L.L.C., and issue an order for:

I. Judgment for preliminary and permanent injunctions enjoining Defendants, BTC and MF, their subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendants, either directly or indirectly, from violating Plaintiff's rights by way of misappropriating Plaintiff's trade secrets.

II. Directing a complete accounting of all gross revenues, donations, contributions and profits of Defendants arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of infringing products from use of Plaintiff's trade secret pricing information and from the misappropriation of the Plaintiff's trade secrets.

III. Granting other compensatory damages suffered by Plaintiff in an amount to be ascertained at trial.

IV. Granting exemplary and punitive damages for Defendant's intentional use of Plaintiff's trade secrets.

V. Granting Plaintiff its reasonable attorney's fees and costs.

VI. Granting all other injunctive and monetary relief as this Court deems just and proper.

                                        ABM GROUP, INC.

Dated: _____July 1, 2008_____       By: /s/ Donald H. Segel
                                                                 One of the Attorneys for Plaintiff

                                                            Donald Segel
                                                            Segel and Segel, P.C.
                                                            525 W. Monroe Street, Suite 2360
                                                           Chicago, IL 60661
                                                           Phone : (312) 628-8740
                                                           Facsimile : (312) 628-8745

                                                           ATTORNEYS FOR PLAINTIFF,
                                                           ABM GROUP, INC.